*In re* VAN ETTEN ESTATE.

DEPARTMENT OF REVENUE *v.* SELANDER.

WAYNE COUNTY DEPARTMENT OF
SOCIAL WELFARE *v.* SAME.

PAUPERS—LIABILITY FOR SUPPORT—ESTATES OF DECEDENTS.
    Claims for reimbursement, filed against the estate of a deceased
    person, for sums expended by State and county in the care
    of indigent, adult, emancipated children of decedent as public
    charges while inmates of mental hospitals for periods of time
    decedent is stipulated as not "being of sufficient ability" to
    pay are disallowed, the liability of the patient, spouse, parent,
    grandparent or child for such support being limited to such
    as have sufficient ability to pay at time such expenses are
    incurred, not as of the time a claim therefor is presented (CL
    1948, § 330.21, as amended by PA 1957, No 313).

Appeal from Wayne; Rashid (Joseph G.), J. Submitted April 15, 1959. (Docket Nos. 55, 56, Calendar Nos. 47,900, 47,904.) Decided October 12, 1959.

In the matter of the estate of Wilhelmina Van Etten, mentally incompetent, the State of Michigan, Department of Revenue, and the County of Wayne, Department of Social Welfare, filed claims for hospital services rendered her indigent adult children. Claims denied in probate court. Cases consolidated in circuit court, with Milton C. Selander and the National Bank of Detroit, special administrators

REFERENCES FOR POINTS IN HEADNOTES
41 Am Jur, Poor and Poor Laws § 43.

of the estate of Wilhelmina Van Etten, now deceased, defending. Claims allowed. Defendant administrators appeal. Reversed.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Percival R. Piper,* Assistant Attorney General, for plaintiff State of Michigan, Department of Revenue.

*Samuel H. Olsen,* Prosecuting Attorney, *Hobart Taylor, Jr.,* and *Alan Walt,* Assistant Prosecuting Attorneys, for plaintiff County of Wayne, Department of Social Welfare.

*Allen, Haass & Selander,* for defendants.

KAVANAGH, J. These are general appeals from the orders of the circuit court in Wayne county reversing the probate court and allowing claims against the estate of Wilhelmina Van Etten for reimbursement of expenditures paid by the county and State for the daily care, support and maintenance of the children of Wilhelmina Van Etten. The claim of the State is for the support of Ida Bruschitsky at the Wayne County General Hospital from March 22, 1931, to August 31, 1957, in the amount of $21,390.66, and for reimbursement of like expenditures paid and to be paid since August 31, 1957. The county's claim is for care rendered Ida Bruschitsky up to October 14, 1957, and for expenses incurred for support given George and Alma Van Etten, 2 other emancipated, adult indigent children of Wilhelmina Van Etten.

The facts have been stipulated by appellants and the State of Michigan as follows:

"Ida Bruschitsky, also known as Ida Burschitske, is a natural daughter of Wilhelmina Van Etten. She

was admitted to the Eloise Hospital (now Wayne County General Hospital) on March 22, 1930 and has been a patient there continuously since that date.

"At the time of her admission Ida Bruschitsky was living apart from her mother and receiving no support from her. She was of full age, had a husband and was the mother of several children. She was at the time of her commitment and has been during the time of her confinement, an indigent person. Her husband is now deceased.

"Wilhelmina Van Etten is 104 years of age. She was 77 years of age at the time Ida Bruschitsky was admitted to the hospital, was a widow and was supporting herself as a charwoman. She was herself hospitalized on May 31, 1955 and was declared a mental incompetent on October 13, 1955.

"Neither Wilhelmina Van Etten, nor her estate, were of sufficient ability to support, care for or maintain Ida Bruschitsky at any time prior to July 9, 1957.

"On July 9, 1957, Wilhelmina Van Etten's estate received the sum of $300,000 in settlement of a contest in New York State relative to the purported will of one Agnes Momand, also a daughter of Wilhelmina Van Etten. That sum, together with $1,000 in United States postal savings certificates, constituted the entire assets of her estate on that date. Those assets have since been reduced by the payment by order of the probate court of Wayne county, as follows: $121,957.75 for attorneys' fees and $1,650 for guardian ad litem fees. A claim against the assets of the estate for hospital and medical services rendered to Wilhelmina Van Etten by Haynes Memorial Hospital has been settled for the sum of $15,488.25 of which $10,000 has been paid. The estate has assets at present of approximately $155,000.

"Appellant* has petitioned for reimbursement for expenditures already paid by it for the daily care, support and maintenance of Ida Bruschitsky at the

* *I. e.*, appellant in the circuit court, appellee here.—REPORTER.

Wayne County General Hospital from March 22, 1931 to August 31, 1957 in the amount of $21,390.66 and for reimbursement of like expenditures paid and to be paid since August 31, 1957. The county of Wayne has a similar claim pending for expenses incurred by it in the sum of $16,181.85.

"Wilhelmina Van Etten, as stated above, has been hospitalized since May 31, 1955. In view of her advanced age, she is likely to remain in a hospital or convalescent home until her death.* She is presently a patient at the Evangelical Deaconess Hospital, 3245 East Jefferson, Detroit, Michigan, and has been such since October 21, 1957. Her current care at this hospital costs $22 per diem, or $8,030 per annum. In addition her estate is incurring and will continue to incur additional expenses for medical care and normal administration services, the amounts of which cannot be forecast.

"3½% to 4% per annum would appear to be the return which can be realized from normal prudent investment of the assets of Wilhelmina Van Etten's estate by appellees.

"*Q.* Whether the mother of Ida Bruschitsky is legally liable for the expenses already incurred for her mentally incompetent daughter and to be incurred?

"The appellant† says 'Yes.'

"The appellee says 'No.' "

An additional stipulation was entered into by appellants and Wayne county in which they adopt the State of Michigan's stipulation except paragraph 4 thereof dealing with the question of sufficient ability to support, care for or maintain. They substitute in lieu of paragraph 4 in the State stipulation the following facts: that from 1937 to 1951 Minnie Van Etten had 3 separate bank accounts in Detroit area banks carrying various balances; that a guardian

---

* The claim, originally filed in guardianship proceedings, is now defended by administrators.—REPORTER.

† *I. e.,* appellant in the circuit court, appellee here.—REPORTER.

was appointed for her on November 16, 1951, and the account of the guardian filed on August 19, 1952, shows that at the time he took over a savings account existed at the Bank of the Commonwealth in the amount of $2,228.75, and a net estate after expenses and disbursements in the amount of $1,675.25; that certain real estate was transferred to and from Minnie Van Etten from May 18, 1922, up to the year 1949 (The proceeds of these sales could be and probably are the deposits made to the various bank accounts during this same period of time.); that the Wayne county department of social welfare has filed a claim against the estate of Wilhelmina Van Etten in the amount of $987.89 for expenses incurred by it in the hospitalization of George Van Etten, $5,584.47 for expenses incurred by it in the hospitalization of Alma Van Etten, and $9,609.49 for expenses incurred by it in the hospitalization of Ida Bruschitsky. The total amount of the claim is $16,181.85.

George Van Etten was a son of Wilhelmina Van Etten. He was hospitalized at public expense during the various periods set forth in the claim filed by Wayne county. He was during those periods an indigent person. The last period for which Wayne county claims compensation for services to George Van Etten ended April 13, 1953.

Alma Van Etten, now deceased, was a daughter of Wilhelmina Van Etten. She was hospitalized at public expense during the various periods set forth in the claim filed by Wayne county. She was during those periods an indigent person. She died in 1953.

Ida Bruschitsky, also known as Ida Burschitske, is a daughter of Wilhelmina Van Etten. She has been hospitalized continuously since March 22, 1930, at public expense, and is presently a patient at Wayne County General Hospital. She is now, and has been at all times during the period of her hospitalization, an indigent person.

Wilhelmina Van Etten was removed to a nursing home on February 21, 1958. She died there on March 16, 1958. The assets of her estate at the time of trial totaled approximately $155,000.

The questions on appeal to this Court are:

1. Whether, as a matter of law, ability on the part of Wilhelmina Van Etten or her estate, to support her children at the time services were rendered to them as indigents, is a condition precedent to any present liability on the part of her estate to reimburse the State and county for such services.

2. Whether the stipulated facts show inability on the part of Wilhelmina Van Etten or her estate to support, care for and maintain her children prior to July 9, 1957, so that the judgment of the circuit court allowing amounts for services rendered to said children prior to said date is against the preponderance of the evidence.

The circuit court did not specifically rule on this second question.

The appellants have stipulated ability to pay and have agreed to pay from July 9, 1957, the date on which they received the settlement from the estate of Wilhelmina Van Etten's daughter, Agnes Momand.

The circuit court held that the date of acquisition of the assets is immaterial; that the determining factor is ability to pay at the time the claim is filed against the estate and not the ability to pay during the period of time in which the services were being rendered.

The issue in this case is whether the estate of Wilhelmina Van Etten, deceased, is now liable for the above claims in view of the following provision in CL 1948, § 330.21, as last amended by PA 1957, No 313 (Stat Ann 1957 Cum Supp § 14.811):

"The patient, husband, wife, father, mother, grandfather, grandmother and children of any age, being

of sufficient ability, shall jointly and severally be liable for the care and maintenance of any patient."

In determining the question of ability to pay, it is to be kept in mind that the deceased, who at the time of her death was 104 years of age and against whose estate the claims have been filed in the instant case, was a charwoman; that at the time her married daughter, Ida Bruschitsky, the mother of several children, was admitted to the hospital Wilhelmina Van Etten was a widow; that although she did have meager bank accounts they were barely enough for her own existence; and that the claims involved are for the support of her adult children, who were adults at the time of their commitments.

The probate court disallowed the claim of Michigan and the county of Wayne on the theory that the State and county had not shown that the deceased, prior to July 9, 1957, was possessed of sufficient ability within the meaning of the statute to reimburse the State of Michigan and the county of Wayne for any part of the cost, care or maintenance of the adult children. The circuit court reversed this finding for the reasons above given.

Justice EDWARD M. SHARPE, in the minority opinion in the case of *In re Linstead Estate,* 340 Mich 653, 659, said:

"In our opinion sufficient ability is a condition precedent to attaching liability, but it does not follow that failure of sufficient ability to pay for a part of the time, during which time deceased could become liable, is a cover-all for the entire period. It readily follows that whether Paul Linstead, during his lifetime, had sufficient ability to pay becomes a question of fact."

This opinion, concurred in by Justices CARR and BOYLES, then proceeded to state (p 660):

"In our opinion the State of Michigan has a claim against the estate of Paul Linstead for such period of time as he had sufficient ability to pay."

Justice BUSHNELL, speaking for a majority of the Court, did not dispute the finding of law set forth by Justice SHARPE, but held that the lower court found as a matter of fact inability to pay and indicated that this Court does not reverse the findings of fact of the trial judge, sitting without a jury, unless the evidence clearly preponderates in the opposite direction. Affirmance in the disallowance of the claim was based on the fact that deceased in his lifetime was never in a position where it could be held that he was of sufficient ability to provide for the care and maintenance of his emancipated, married and divorced daughter.

In the instant case, so far as the State of Michigan is concerned, it has stipulated inability to pay until July 9, 1957. Therefore, the allowance of this claim must be reversed.

Under the authority of *In re Linstead Estate, supra,* we do not think that the stipulated facts on behalf of Wayne county disclose a sufficient ability to pay prior to July 9, 1957. The county of Wayne has failed by a preponderance of the evidence to show that Wilhelmina Van Etten, prior to July 9, 1957, had sufficient ability to be liable under the meaning of the statute for the maintenance and care of her adult children. The statute uses the words "being of sufficient ability." Justice BUSHNELL in the majority opinion in the *Linstead Case* quotes from the trial court's opinion as follows (pp 660, 661):

" 'This court's answer to the first of questions hereinbefore stated is in the negative. In reaching this factual conclusion the court, among other things, holds that a man in his later years is entitled to and it is wise that he does make some provisions for his

maintenance in his old age. To rule otherwise would be to invite further additions to our already over-loaded welfare rolls. In this connection it is also interesting to note the considerable amount of property and assets that a man may own and possess and still qualify under the proper statute for old-age assistance. * * * Certainly a man should be allowed to possess more of such property and assets before he is required to support someone else for whom under the common law he was not liable.' "

The stipulations show that Wilhelmina Van Etten had belongings and cash of a very modest nature—certainly insufficient to maintain her during her long lifetime—and of such a small amount that she continued to work at the age of 77 as a charwoman in order to make sure she had sufficient finances to sustain herself.

If we were constrained to reach the interpretation the State and county desire placed upon this legislation, a young person, despite the fact his parent may have been committed to a State mental institution and admittedly was an indigent person at the time of his admission, would find that, even if he were successful in pulling himself up to a position where he acquired a sufficient education and ability to provide for himself and his own family, he would be subject to claims of the State and county that would prevent him from providing for his own family needs and eventually make them subject for public support. We do not feel the legislature had this intent.

The judgment of the circuit court is reversed, with costs to appellants.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Voelker, JJ., concurred.